UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB P. PITTS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 20-cv-2208-JBM |
| ) | |
| KANKAKEE COUNTY SHERIFF ) | |
| MICHAEL DOWNEY , et al., ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW

Plaintiff, currently held at the Stateville Correctional Center, files a claim under 42 U.S.C. §1983, alleging a variety of constitutional violations arising from a state court fitness hearing, as well as claims arising at the Jerome Combs Detention Center ("JCDC") in Kankakee, Illinois, and the Chester Maximum Security Health Center ("Chester"), in Chester, Illinois. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

At some point while in the custody of the JCDC, Plaintiff was charged with aggravated battery to Correctional Officer Micalyn Ford. The matter proceeded in state court in Kankakee County before Judge Erickson. A fitness hearing was held on July 19, 2018, wherein Plaintiff was found unfit to stand trial, remitted to the Illinois Department of Human Services ("IDHS")

1

and sent to the Chester Maximum Security Health Center ("Chester"). The finding of unfitness was based on the report of Defendant psychologist James Simone. While it is not clearly pled, it appears that Plaintiff was subsequently found fit, adjudicated guilty of the charges, and sentenced to the Illinois Department of Corrections ("IDOC").

Plaintiff asserts, in part, that the finding of unfitness should be overturned as psychologist, Defendant Simone, did not disclose that he had a long-standing personal relationship with the mother of Officer Ford, the individual whom he had assaulted. Plaintiff claims that State's Attorney, Jim Rowe, Assistant State's Attorney Dan Reedy and "unknown Kankakee County Assistant State's Attorneys," likewise, did not disclose the relationship between Defendant Simone and Officer Ford's mother. Plaintiff characterizes this as a failure by Defendants to disclose "exculpatory" evidence. He also claims that the State's Attorney Defendants Rowe and Reedy failed to prosecute JCDC staff against whom he wished to file charges.

Plaintiff also names Kankakee Sheriff Downey and Deputy Kolitwenzew in this claim, alleging that they were aware of the personal relationship between Officer Ford's mother and Defendant Simone and failed disclose it or to "remedy" the situation. He also asserts that Defendants Downey and Kolitwenzew failed to investigate criminal conduct which Plaintiff had alleged against Jail employees.

As noted, Plaintiff was remanded to the Chester facility where, he claims without detail, he was physically abused by patients and staff. He also alleges that he was restrained and forcibly administered psychotropic medications, between August 8, 2018 and September 24, 2018. Plaintiff, however, pleads only vague, general allegations. He makes no attempt to identify the number of incidents, the circumstances under which the alleged infractions occurred, the

number of individuals involved, or their job titles. Plaintiff indicates only that these not particularly specified acts were done by "unidentified" employees.

Plaintiff also alleges a conditions of confinement claim and retaliation claim against Defendants Downey and Kolitwenzew. Plaintiff pleads that while held at the JCDC, he was held on intractable strip cell status. Plaintiff claims that, as a result, he was subject to unconstitutional conditions from May 19, 2018 to July 19, 2018, and that this was done in retaliation for Plaintiff having assaulted staff. While on intractable strip cell status Plaintiff was unable to shower, denied access to mail, denied telephone calls, and denied a "disciplinary process," not otherwise explained. Plaintiff also claims that he was confined to his cell, unable to engage in recreation.

Plaintiff seeks money damages as well as various forms of injunctive relief. These are that Defendant Psychologist Simone not be allowed to treat Plaintiff, that Defendants Downey and Kolitwenzew provide to Plaintiff a psychologist who has no conflict of interest, that Defendants Rowe and Downey investigate his claims against staff, and that Defendants allow Plaintiff to file police reports against JCDC staff.

## ANALYSIS

Here, Plaintiff challenges the state court fitness finding which is a final and appealable order pursuant to 725 ILCS 5/104-16(e). Plaintiff's efforts here, however, represent an impermissible attempt to "appeal" the state court finding to a federal court. "The *Rooker–Feldman* doctrine holds that only the United States Supreme Court has jurisdiction to review a final judgment of a state court." Federal district court review is not allowed where 'the district court is in essence being called upon to review the state-court decision.'" *Johnson v. Collins*, 5 Fed. Appx. 479, 484 (7th Cir. 2001). *See also*, *Guerrero v. Piotrowski*, 67 F. Supp. 3d 963,

967 (N.D. Ill. 2014 (internal citations omitted). "The *Rooker– Feldman* principle prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment. The crucial inquiry is 'whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim.'" *Id*. at 484. *See also*, *Brown v. Bowman,* 668 F.3d 437, 442 (7th Cir.2012) (*Rooker–Feldman* bars a federal district court overturning an adverse state court judgment). Here, Plaintiff claims that the fitness finding was based on biased evidence and seeks to set aside that finding. As a result, *Rooker-Feldman* bars the claim and it is DISMISSED with prejudice. As these are the only claims against Defendants Simone and "unknown Kankakee County Assistant State's Attorneys," they are DISMISSED. Kankakee County Defendants Downey and Kolitwenzew are also dismissed as to this claim.

Plaintiff additionally alleges that Defendants Downey and Kolitwenzew failed to investigate his claims against JCDC staff, and that State's Attorney Defendants Rowe and Reedy failed to prosecute JCDC staff against whom he had lodged complaints. Defendants Rowe and Reedy, however, as the Kankakee State's Attorney and Assistant State's Attorney, enjoy prosecutorial immunity from suit. *See Walton v. Lyons*, 962 F. Supp. 126, 129 (C.D. Ill. 1997), where the defendant charged with battery brought suit against the State's Attorney for not prosecuting the other combatant. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Id*. at 129 citing *R.S. v. D.,* 410 U.S. 614, 619 (1973). "Decisions whether to prosecute lie within the sole discretion of the State's Attorney. Therefore, the defendant is entitled to absolute prosecutorial immunity." *Id*. citing *Mendenhall v. Goldsmith,* 59 F.3d 685, 691 (7th Cir.1995). As these are the only remaining claims against Defendants Rowe and Reedy, they are DISMISSED with prejudice.

Plaintiff also claims that Defendants Downey and Kolitwenzew subjected him to inhumane conditions while on intractable strip cell status. Plaintiff had, however, filed eight other lawsuits against Defendant Downey, in quick succession. In most, he complains of the conditions in intractable strip cell status. The Court has not made an exhaustive review of all of the cases, but finds that Plaintiff has pled these same claims in *Pitts v. Downey*, No. 19-2317 (C.D. Ill. Nov. 22, 2019) (lack of shower, mail, access to law library, confinement to cell with lack of recreation during this same period); *Pitts v. Downey*, No. 19-2333 (C.D.Ill. Dec. 13, 2019); and *Pitts v. Downey,* No. 20-2178 (C.D.Ill. June 22, 2020) (lack of showers, hygiene products, confinement and lack of recreation, lack of access to pens and paper during this same period). Plaintiff's claims as to the restrictions in his ability to shower, restricted access to mail and telephone calls and being confined to his cell without recreation are DISMISSED with prejudice as redundant. *See Trentz v. Illinois Supreme Court*, No. 93-5267, 1993 WL 385134, at *2 (N.D. Ill. Sept. 27, 1993) citing *Crisafi v. Holland,* 655 F.2d 1305, 1309 (D.C.Cir.1985) ("a complaint that merely repeats pending or previously litigated claims may be considered abusive").

While Plaintiff's allegations that Defendants Downey and Kolitwenzew failed to investigate his complaints against staff might otherwise state a due process claim, it is unduly vague. Plaintiff does not identify those staff members against whom he tried to assert complaints or the alleged misconduct which gave rise to the complaints. Furthermore, if there were some investigation, Plaintiff likely will not be able to assert a claim even if he believed the investigation was lacking. *See Haywood v. Marathon County Sheriff Dept.*, No. 07-341, 2007 WL 5633391, at *3 (W.D. Wis. Aug. 3, 2007), finding that plaintiff did not have "a constitutional right to a thorough investigation." (Internal citation omitted). Plaintiff will be

given an opportunity to replead this claim. If Plaintiff repleads, he is to attest that he has not previously pled this same claim. In addition, to the extent that Plaintiff requests injunctive relief against Defendants Downey and Kolitwenzew, it is not available to him as he is no longer held at JCDC and neither Defendant has the authority to order injunctive relief at Stateville where Plaintiff is currently held.

Plaintiff also makes a vague reference to a lack of a disciplinary process, likely a procedural due process claim. This, however, is too sparsely pled to state a viable cause of action. Plaintiff will have an opportunity to replead but, again, is to certify that he has not pled an identical claim in his other filings. The failure to accurately disclose may result in this dismissal of an amended complaint with prejudice.

Plaintiff also alleges retaliation based on Defendants Downey and Kolitwenzew placing him in intractable cell status. However, to state a colorable retaliation claim, Plaintiff must have suffered adverse action as a result of engaging in protected First Amendment activity. *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009). Aggravated battery to an officer, the action which allegedly spurred the retaliation here, is not protected activity. *Thaddeus–X v. Blatter,* 175 F.3d 378, 395 (6th Cir. 1999) ("[I]f a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one" of a First Amendment retaliation claim). This claim is DISMISSED.

Plaintiff's claims arising at Chester are also DISMISSED for two reasons. The first is that they are unduly vague. *See Ford v. Page*, 169 F. Supp. 2d 831, 840 (2001) (internal citation omitted). "[E]ven a *pro se* litigant needs to set forth allegations concerning all material elements necessary for recovery under the relevant legal theory." These claims are DISMISSED for the additional reason that they are unrelated to, and misjoined with the claims against the Kankakee

Defendants Downey and Kolitwenzew. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Defendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law. *Ghashiyah v. Frank*, No. 05-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008). The claims arising at the Chester facility are DISMISSED without prejudice to Plaintiff asserting them in a separate complaint with responsibility for the attendant filing fee. Plaintiff is placed on notice that the Chester facility is in Chester, Illinois, in Randolph County, which is in the Southern District of Illinois. As result, if he refiles this claim, the U. S. District Court for Southern District of Illinois is the proper venue. *See* 28 U.S.C. §1391(b).

**IT IS, THEREFORE ORDERED:**

1. Plaintiff's claims arising at the Chester Maximum Security Health Center are DISMISSED for misjoinder, without prejudice to Plaintiff filing them in a separate action.

2. Plaintiff's claims regarding the admission of Defendant Simone's report at the state court fitness hearing without disclosure of possible bias are DISMISSED with prejudice pursuant to the *Rooker-Feldman* Doctrine. Defendants Simone, Rowe, Reedy and "unknown Kankakee County Assistant State's Attorneys" are DISMISSED. This claim is also DISMISSED as to Defendants Downey and Deputy Kolitwenzew, though Plaintiff will be allowed to replead the failure to investigate and procedural due process claims against them. Plaintiff will have 30 days from the entry of this order in which to replead, with the pleading to be identified as an Amended Complaint. It is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without

7

prejudice, for failure to state a claim. Plaintiff conditions of confinement claims against Defendants Downey and Kolitwenzew are DISMISSED with prejudice.

| | |
|---|---|
| _1/6/2021_ | s/Joe Billy McDade |
| ENTERED | JOE BILLY MCDADE |
| | UNITED STATES DISTRICT JUDGE |