UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB P. PITTS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-2208-JBM |
| | ) |
| KANKAKEE COUNTY SHERIFF | ) |
| MICHAEL DOWNEY , et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, currently held at the Joliet Treatment Center, files an amended complaint under 42 U.S.C. §1983, alleging violations which occurred while he was a pretrial detainee at the Jerome Combs Detention Center ("JCDC") in Kankakee, Illinois. The amended complaint is confusing, alluding to violations of Plaintiff's religious rights, battery, sexual assault, violations of due process, inhumane conditions of confinement, and retaliation, all while he was at JCDC. It appears, however, that Plaintiff does not complain of these actions here, and has in fact previously filed various lawsuits regarding these claims. Rather, he asserts in the amended complaint that Defendant Kankakee County Sheriff Michael Downey, Chief of Corrections Chad Kolitwenzew, and an unidentified number of Doe Defendants failed to investigate his complaints of these matters.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-

1

defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In his initial complaint, Plaintiff complained that he was not afforded due process in a July 19, 2018 state court proceeding before Judge Erickson in Kankakee County. There, Plaintiff underwent a fitness hearing prior to undergoing trial on criminal charges of aggravated battery to a female JCDC Correctional Officer. When Plaintiff attempted to dispute the fitness finding in this federal case, the Court denied the claim as an impermissible attempt to "appeal" a state court finding to the federal district court. *Guerrero v. Piotrowski*, 67 F. Supp. 3d 963, 967 (N.D. Ill. 2014 (internal citations omitted). "The *Rooker– Feldman* principle prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment." The Court, however, gave Plaintiff leave to replead his claims that Defendants Downey and Kolitwenzew failed to investigate alleged criminal conduct by Jail employees.

In his amended complaint, Plaintiff alleges that Defendants failed to timely investigate previous complaints concerning JCDC, filed in April and May 2018; January and February 2019; and September 2019. Plaintiff asserts that the April and May 2018 incidents involved Prison Rape Elimination Act ("PREA") complaints he had filed against the female officer whom he allegedly battered. He claims, without explanation, that Defendants' failure to investigate his complaints led to his being criminally charged. This claim fails for a number of reasons. First, Plaintiff fails to plead how an untimely or inadequate investigation at JCDC would result in criminal charges being filed against him. Furthermore, the fact that allegations against Plaintiff were referred for criminal prosecution necessarily implies that some investigation was undertaken, although Plaintiff might disagree with the result.

In addition, this claim is likely beyond the applicable statute of limitations as the complained-of conduct occurred in April and May 2018 and Plaintiff did not file his complaint until July 20, 2020. *See Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201").*See also*, *Bray v. Gary Police Dept. Chief*, No. 10-229, 2010 WL 2674531 (N.D. Ind. June 28, 2010) ("[t]he statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.")

Plaintiff also alleges a failure to investigate a January 2019 incident involving Officers Most and Wagner. There, he claims that he was stripped of his clothing and sexually assaulted as, during the process, his anus was touched. Plaintiff has filed this same claim, however, in *Pitts v. Downey*, 21-2048 (C.D. Ill. Mar. 10, 2021), alleging that on January 26, 2019, Officers Most and Wagner stripped him of his clothing and sexually assaulted him. As a result, this claim is DISMISSED and not further considered. *Trentz v. Illinois Supreme Court*, No. 93-5267, 1993 WL 385134, at *2 (N.D. Ill. Sept. 27, 1993) citing *Crisafi v. Holland,* 655 F.2d 1305, 1309 (D.C.Cir.1985) ("a complaint that merely repeats pending or previously litigated claims may be considered abusive").

Plaintiff makes the additional allegations that Defendants failed to investigate a September 2019 incident in which Officer Perkins struck him with a closed fist, and an April 4, 2020 incident in which Officer Liaromatis similarly struck him. Plaintiff has filed a series of cases alleging that he was battered by officers: *Pitts v. Downey*, 19-2283 (C.D. Ill. Oct. 24, 2019); *Pitts v. Downey*, No. 20-2125 (C.D. Ill. May 15, 2020); *Pitts v. Downey*, 20-2178 (C.D. Ill. June 22, 2020); and *Pitts v. Downey*, No. 20-2214 (C.D. Ill. July 23, 2020). Plaintiff has been criminally charged in at least two other cases for allegedly having battered officers; Kankakee County Case

Nos. 19-CF-906 and 20-CF 210. While Plaintiff claims that Defendants failed to investigate his claims against officers, it appears that an investigation was conducted which resulted in Plaintiff, rather than the Defendant Officers, being charged.

Plaintiff rounds off his amended complaint by alleging that Defendants' failure to investigate these claims was the result of discrimination against him due to his Jewish faith, violating his under the First Amendment and the Religious Land Use and Institutionalized Person Act.[1] Plaintiff also asserts, without pleading sufficient facts in support, that he was not always given a kosher diet and was subjected to less desirable conditions of confinement, not otherwise described.

Plaintiff also alleges another First Amendment claim, that Defendants failed to investigate his complaints in retaliation for his "peaceful protests" in the form of a hunger strike. As the Court has determined, however, Plaintiff has failed to sufficiently plead a claim as to inadequate investigation and this claim is not further considered.

Plaintiff's allegations of religious discrimination, however, raise a troubling issue as here, Plaintiff has filed a sworn amended complaint asserting that he practices Judaism. However, in *Pitts v. Downey*, 19-2333 (C.D. Ill. Dec. 13, 2019), Plaintiff claimed that he was a Jehovah's witness whose religious rights were violated when he was not allowed to pray over his food. It might well be that, rather than vindicating constitutional injury, Plaintiff is attempting to harass the JCDC and the Court with repetitive and, perhaps, fraudulent claims. To that end, Plaintiff is given 30 days in which to file supporting documents to establish that he previously identified as a Jehovah's witness and is now recognized as a practicing Jew. If Plaintiff fails to do so, he will be

---

[1] Religious Land Use and Institutionalized Person Act claims. (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5.

subject to sanctions by this Court which will include dismissing this case with prejudice for filing a false pleading.

The Court notes, further, that in the initial merit review of this case, Plaintiff was instructed that if he repled, he was to attest that he has not previously pled this claim in another of his case. Plaintiff did not do so when filing the amended complaint. If Plaintiff files a second amended complaint, he is to attest that he is not repeating previously pled claims. The failure to do so will result in the dismissal of this case with prejudice for failure to follow the Court's orders. Plaintiff is advised that a second amended complaint must clearly state his claims against each Defendant and is not to include unnecessary, extraneous information. It must be sufficient to place any individual Defendant on notice of the claims against him.

The Court notes, further, that when asked to disclose his prior litigation history, Plaintiff noted only that he had filed eight other cases asserting "1st, 8th and 14th Amendment violations." [ECF 13 at 4]. Plaintiff does not provide any detail as to any individual case and, as previously noted, has filed repetitive claims which have proved difficult to sort out. As a result, if Plaintiff repleads, he is to provide more detailed information as to the claims he has filed in each case. The failure to follow the Court's orders in this regard, too, will result in a dismissal with prejudice.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's amended complaint is DISMISSED. Plaintiff will be given a final opportunity, within 30 days, to file a second amended complaint which is to stand on its own without reference to a prior pleading. Failure to file a second amended complaint will result in the dismissal of this case, without prejudice, for failure to prosecute. If Plaintiff repleads, he is to attest that he has not previously pled these same claims. Failure to file the attestation will result in the dismissal of this case with prejudice for failure to follow the Court's orders.

    2.    Plaintiff is, within 30 days, to file supporting documents to establish that he identified as a Jehovah's witness at the time of the incidents alleged in *Pitts v. Downey*, No. 19-2333, and was recognized as a practicing Jew at the time of filing the first amended complaint in this case. The failure to do so will result in sanctions, including the dismissal of this action with prejudice.

 6/10/2021                                              s/Joe Billy McDade  
ENTERED                                                 JOE BILLY MCDADE  
                                                          UNITED STATES DISTRICT JUDGE